# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

JOHANN SMITH and others similarly
situated
704 Society Hill Blvd.
Cherry Hill, NJ 08003

    Civil Action No.: 1:19-cv-10319 (JBS-KMW)

       vs.

STATE FARM FIRE AND CASUALTY
COMPANY
One State Farm Plaza
Bloomington, IL 61701

## AMENDED CIVIL ACTION COMPLAINT (1C - Contract)

Plaintiff, Johann Smith, residing at 704 Society Hill Blvd., Cherry Hill, NJ 08003,

individually and on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), by

and through her attorneys, Wheeler, DiUlio & Barnabei, P.C., by way of Amended Complaint

against the Defendant, State Farm Fire and Casualty Company, say:

## I.    PRELIMINARY STATEMENT

1.    Plaintiff brings this class action individually and on behalf of a putative class of

persons and entities (as defined herein, the "Class") who purchased insurance, for home,

condominium, or other property which was insured under a policy issued by Defendant, State

Farm Fire and Casualty Company or any of its subsidiaries or other entities; for which the policy

contains the language "period of time"; who put in a claim for damage as the result of water

damage to their insured property; were denied coverage for their damage, and the denial was

based in whole or in part because the water damage occurred "over a period of time" or any

variation of that policy language cited by Defendant.

2.      The term "period of time" is ambiguous and open to an endless amount of interpretations, including, but not limited to, a second, a minute, an hour, a day, a week, a month, a year, a decade, and so on.

3.      State Farm's own representative has admitted that the term is ambiguous. A true and correct copy of excerpts of the Trial Testimony Transcript of Ed Toussant are attached hereto as Exhibit "A". ("Q. You're a representative for State Farm, correct? A. Correct.")

```
1 Q The first thing I want to ask you is can
2 you show me in the policy where they define a
period
3 of time?
4 A I do not.
5 Q Can you define it for me?
6 A I think that's subjective. It all depends
7 on what you find.
8 Q Fair enough. Would you agree with me that
9 just the term itself a period of time is also
10 ambiguous? There's no way of knowing what that
11 means?
12 A I would agree.
13 Q In essence, a minute is a period of time?
14 A month, a week, a year, an hour, they're all
15 periods of time, correct?
16 A Correct.
```

Id.

4.      The policies of insurance issued by State Farm insure for "accidental direct physical loss".

5.      The policies of insurance issued by State Farm are intended to cover water leaks which cause damage to Plaintiffs property.

6.      There is no way for Plaintiffs to know, prior to the loss, how long a leak would need to be occurring for it to be deniable under their policy.

7.      Defendant's own representatives have admitted that the term "period of time" is ambiguous.

8.      Defendant is aware that the term "period of time" is ambiguous.

9.      Despite Defendant's knowledge that the term "period of time" is ambiguous, Defendant continues to interpret this ambiguous term so as to deny claims for damage caused by water.

10.     State Farm intends to cover some water leaks from an insureds heating, air conditioning, automatic fire protective sprinkler system, household appliances, and plumbing systems.

11.     In the event that the Defendant argues the term "period of time" is not ambiguous, then the term is unconscionable.

12.     If the exclusion provided by State Farm, specifically, the exclusion for "continuous or repeated seepage or leakage of water or steam…which occurs over a period of time" is not deemed ambiguous, then every leak that occurs would not be covered by this insurance policy, which is contrary to the intent of State Farm.

13.     A reading of the policy that would exclude all leaks is unconscionable and creates ambiguity in the actual adjustment of claims as State Farm does not intend all claims to be denied.

14.     A reading of the policy that would exclude all leaks is unconscionable and creates ambiguity in that policy holders have no way to determine or know what leaks are covered and what leaks are not covered.

II.     **PARTIES**

15.     Plaintiff repeats and re-alleges each and every allegation previously stated herein at length.

16.    Plaintiff, Johann Smith, is a natural person who is, and at all times relevant to the allegations in this matter was, an individual residing at the address set forth above.

17.    At all times referred to herein, Defendant, State Farm Fire and Casualty Company, is a business duly organized and existing which is licensed to issue policies of insurance in the State of New Jersey and across the country and maintains a place of business located at One State Farm Plaza, Bloomington, IL 61701.

## III.    JURISDICTION AND VENUE

18.    Plaintiff repeats and re-alleges each and every allegation previously stated herein at length.

19.    This Court has jurisdiction over State Farm because it is a corporation hat regularly conducts business in this state, and otherwise has sufficient minimum contacts with New Jersey to justify the exercise of jurisdiction.

20.    Venue properly lies in United States District Court, District of New Jersey because the amount in controversy is above $75,000 and there is complete diversity.

## IV.    FACTUAL ALLEGATIONS AS TO THE CLASS REPRESENTATIVE

21.    Plaintiff repeats and re-alleges each and every allegation previously stated herein at length.

22.    Defendant, in its regular course of business issued to Plaintiff a policy of insurance covering Plaintiffs premises located at 704 Society Hill Blvd., Cherry Hill, NJ 08004. A copy of the Policy is not in Plaintiffs' possession, but a copy of same is believed to be in Defendant's care, custody and control.

23.    On or about October 20, 2018, while said policy of insurance was in full force and effect, Plaintiffs suffered direct physical loss to the insured premises.

24.    Specifically, Plaintiff suffered water damage that originated below her kitchen sink, causing damage to her cabinets, floor, and basement.

25.    Notice of this covered loss was given to Defendant in a prompt and timely manner and Plaintiff has done and otherwise performed all things required of Plaintiff under the policy of insurance issued by Defendant.

26.    Defendant, despite demand for benefits under its policy of insurance has failed and refused to pay to Plaintiff those benefits due and owing under said policy of insurance claiming that the water damage occurred over an unspecified "period of time".

27.    Defendant has breached its contractual obligations to pay benefits to Plaintiff for a loss covered under Defendant's policy of insurance.

28.    Solely as a result of Defendant's failure and refusal to pay benefits to Plaintiff as required under the aforesaid policy of insurance, Plaintiff has suffered loss and damage to the property, forcing expenses to be incurred to repair and replace the damaged propelty.

## V.    CLASS REPRESENTATIVE CAUSES OF ACTION

### Count I
### Breach of Contract

29.    Plaintiff repeats and re-alleges each and every allegation previously stated herein at length.

30.    Defendant, in its regular course of business issued to Plaintiff a policy of insurance covering Plaintiffs premises.

31.    During the applicable policy period, Plaintiff suffered a direct physical loss as the result of water damage.

32.    Notice of this covered loss was given to Defendant in a prompt and timely manner and Plaintiff has done and otherwise performed all things required of Plaintiff under the policy of insurance issued by Defendant.

33.    Defendant, despite demand for benefits under its policy of insurance has failed and refused to pay to Plaintiff those benefits due and owing under said policy of insurance.

34.    Defendant has breached its contractual obligations to pay benefits to Plaintiff for a loss covered under Defendant's policy of insurance.

35.    The contract with Defendant contains an implied covenant of good faith and fair dealing.

36.    Defendant has acted in bad faith and breached this covenant of good faith and fair dealing.

37.    Defendant has attempted to enforce an unconscionable policy provision.

38.    Solely as a result of Defendant's failure and refusal to pay benefits to Plaintiff as required under the aforesaid policy of insurance, Plaintiff has suffered loss and damage to the property, forcing expenses to be incurred to repair and replace the damaged property.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, attorney's fees, costs of suit, punitive damages, interest, treble damages, contract revision, and such other relief as the Court may deem equitable and just.

**Count II**
**Bad Faith**

39.    Plaintiff repeats and re-alleges each and every allegation previously stated herein at length.

40.     The above named breach of contract is a result of Defendant's reckless disregard for the rights of Plaintiff, its denial of benefits without basis in fact or law, and its breach of its duty of good faith and fair dealing to the Plaintiff in processing this homeowner claim.

41.     As a result of Defendant's bad faith misconduct, Plaintiff has incurred losses and expenses, including but not limited to any and all expenses incurred by the Plaintiff as a result of filing this litigation, including attorney's fees.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, attorney's fees, costs of suit, punitive damages, interest, treble damages, contract revision, and such other relief as the Court may deem equitable and just.

### Count III
### Consumer Fraud Act

42.     Plaintiff repeats and re-alleges each and every allegation previously stated herein at length.

43.     Defendants' conduct, as set forth above, constitutes an unconscionable commercial practice, as defined in N.J.S.A. 56:8- 2.

44.     The contract of insurance granted Plaintiff an established legal right; namely, that she would be covered for insurance as outlined in the policy of insurance

45.     Plaintiff paid Defendant significant consideration to obtain this insurance coverage.

46.     Defendants were fully aware that Plaintiff had this expectation of coverage in the event of a direct physical loss to her property.

47.     The Defendant, as the drafter of the agreement, has an obligation to define all coverages so that a policy holder can ascertain what coverages they have and don't have.

48.     The policy of insurance issued by Defendant's is a contract of adhesion.

49.     As a contract of adhesion, all ambiguous terms must be read in a light most favorable to the non-drafting party.

50.     Plaintiff had a reasonable expectation that her policy would cover leaks that resulted from the escape of water from her own plumbing system.

51.     Defendants unilaterally took actions to effectively terminate this coverage without notice or explanation to its insured, applying a mystery definition to an ambiguous term drafted by defendant.

52.     Defendant has suggested an a definition that would exclude all leaks despite State Farm not intending to exclude all leaks, creating an ambiguity in the application of the exclusion and making it impossible of policy holders to know what leaks are covered and what leaks are excluded; this is unconscionable.

53.     Defendants' conduct, as set forth above, was carried out with a lack of good faith, honesty in fact and observance of fair dealing.

54.     As a consequence of Defendants' conduct, Plaintiff has suffered an ascertainable loss.

55.     Specifically, Defendants' conduct, as set forth above, has reduced the value of Plaintiffs policy as well as the policy of the proposed class.

56.     Defendant's application of this exclusion is unconscionable.

57.     Defendant's application of this exclusion is deceptive in that it makes it impossible for a policy holder to know what water damage is covered and what water damage is excluded.

58.     Defendant's issuing of the policy and the acceptance of the policy premiums was done under false pretense as Defendant has intentionally created an ambiguous term of its policy for the purpose of unreasonably and unjustly denying claims or in the alternative, .

59.     Defendant has knowingly omitted material facts from the policy of insurance, specifically the definition of "period of time".

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, attorney's fees costs of suit, punitive damages, interest, treble damages, contract revision, and such other relief as the Court may deem equitable and just.

### Count IV
### Unfair Claims Settlement Practices (N.J.A.C. 11:2-17)

60.     Plaintiff repeats and re-alleges each and every allegation previously stated herein at length.

61.     Defendant's are insurers regulated under the Unfair Claims Settlement Practices Act.

62.     The act states, in part, "§ 11:2-17.5 Misrepresentation of policy provisions (a) No insurer shall fail to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented."

63.     In addition, it states, "§ 11:2-17.8 Rules for fair and equitable settlements and reasonable explanations applicable to all insurance (a) No insurer shall deny or offer to compromise a claim because of a policy provision, including any concerning liability, a condition, or an exclusion without providing a specific reference to such language and a statement of the facts which make that language operative."

64.    Defendant has failed to provide an explanation of benefits regarding what leaks are covered, and what leaks are not covered; specifically, Defendant has failed to fully disclose how long a leak needs to be continuous or repeated to fall under the exclusions within the policy.

65.    Defendant has failed to offer a valid denial citing an exclusion and the facts which make that language operative as Defendant has failed to say how long the leak was occurring to make the exclusionary language operative.

66.    Defendant has failed to comply with the Unfair Claims Settlement Practices ("UCSP") law and as such, is liable to Plaintiff for that failure to comply.

67.    Defendant's failure to comply with the UCSP is further evidence of Defendant's Bad Faith Conduct.

68.    Defendant's failure to comply with the UCSP is further evidence of Defendant's Breach of Contract.

69.    Defendant's failure to comply with the UCSP is further evidence of Defendant's liability under the Consumer Fraud Act.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, attorney's fees costs of suit, punitive damages, interest, treble damages, contract revision, and such other relief as the Court may deem equitable and just.

**VI.    FACTUAL ALLEGATIONS AS TO THE CLASS**

70.    Plaintiff repeats and re-alleges each and every allegation previously stated herein at length.

71.    State Farm, in its regular course of business issued to Plaintiff a policy of insurance covering Plaintiffs property. A copy of the Policy is not in Plaintiffs possession, but a copy of same is believed to be in Defendant's care, custody and control.

72.     During the terms of the policy, Plaintiff suffered accidental direct physical loss to the property as the result of water damage.

73.     Notice of this covered loss was given to Defendant in a prompt and timely manner and Plaintiff has done and otherwise performed all duties required of Plaintiff under the policy of insurance issued by Defendant.

**74.**     Defendant, despite demand for benefits under its policy of insurance has failed and refused to pay to Plaintiff those benefits due and owing under said policy of insurance by relying on ambiguous language and by interpreting this language in a way more favorable to Defendant, an unconscionable act.

## VII.    CLASS CERTIFICATION

75.     Plaintiff repeats and re-alleges each and every allegation previously stated herein at length.

76.     This action is brought, and may properly proceed, as a class action, pursuant to New Jersey Court Rule 4:32(b)(3).

77.     Plaintiff seeks certification of a Class, initially defined as follows:

> All persons or business entities who (i) own or rent property, (ii) were or are insured by Defendant, State Farm or any of its subsidiaries, partners, or alternatively named entities, (iii) whose policy contained the phrase "period of time", (iv) who put in a claim for damage as the result of water to their insured property, (v) were denied coverage for their damage, (vi) and the denial was based in whole or in part because the water damage occurred "over a period of time" or any variation of that policy language cited by Defendant.

78.     The members of the Class for whose benefit this action is being brought are so numerous that joinder of all members is impracticable.

79.     Specifically, upon information and belief, there are well over ten thousand (10,000) people who are insured by State Farm and have been denied.

80.     Defendant has breached its contractual obligations to pay benefits to Plaintiff for a Joss covered under Defendant's policy of insurance.

81.     There are questions of law and fact common to the members of the Class. These common questions include, but are not limited to:

a.     Whether Defendant's policy language relating to "period of time" is ambiguous;

b.     Whether Defendant's policy language relating to "period of time" is enforceable;

c.     Whether Defendant's policy language relating to "period of time" is unconscionable;

d.     Whether Defendant has continually interpreted this language in a way more favorable to itself than its insured;

e.     Whether, as a result of Defendant's interpretation, Defendant breached its contract and its Duty of Good Faith and Fair Dealing with its insured;

f.     Whether Defendant's conduct was done in bad faith;

g.     Whether Defendant's conduct was done in breach of New Jersey's Consumer Fraud Act; and

h.     Whether Defendant's conduct was in breach of New Jersey's Truth-In-Consumer Contract Warranty and Notice Act.

82.     As a result of Defendant's failure and refusal to pay benefits to Plaintiff as required under the aforesaid policy of insurance, Plaintiff has suffered loss and damage to the property and extra expense of litigation, forcing expenses to be incurred to repair and replace the damaged property.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, attorney's fees, costs of suit, punitive damages, interest, treble damages, contract revision, and such other relief as the Court may deem equitable and just.

## VIII.   CLASS ACTION CLAIMS

### Count I
### Breach of Contract

83.     Plaintiff repeats and re-alleges each and every allegation previously stated herein at length.

84.     Defendant, in its regular course of business issued to Plaintiff a policy of insurance covering Plaintiffs premises.

85.     During the applicable policy period, Plaintiff suffered a direct physical loss as the result of water damage.

86.     Notice of this covered loss was given to Defendant in a prompt and timely manner and Plaintiff has done and otherwise performed all things required of Plaintiff under the policy of Insurance issued by Defendant.

87.     Defendant, despite demand for benefits under its policy of insurance has failed and refused to pay to Plaintiff those benefits due and owing under said policy of insurance.

88.     Defendant has breached its contractual obligations to pay benefits to Plaintiff for a loss covered under Defendant's policy of insurance.

89.     The contract with Defendant contains an implied covenant of good faith and fair dealing.

90.     Defendant has attempted to enforce an unconscionable policy provision.

91.     Defendant has acted in bad faith and breached this covenant of good faith and fair dealing.

92.     Solely as a result of Defendant's failure and refusal to pay benefits to Plaintiff as required under the aforesaid policy of insurance, Plaintiff bas suffered loss and damage to the property, forcing expenses to be incurred to repair and replace the damaged property.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, attorney's fees, costs of suit, punitive damages, interest, treble damages, contract revision, and such other relief as the Court may deem equitable and just.

## Count II
## Bad Faith

93.     Plaintiff repeats and re-alleges each and every allegation previously stated herein at length.

94.     The above named breach of contract is a result of Defendant's reckless disregard for the rights of Plaintiff and breach of its duty of good faith and fair dealing to the Plaintiff in processing this homeowner claim.

95.     As a result of Defendant's bad faith misconduct, Plaintiff has incurred losses and expenses, including but not limited to any and all expenses incurred by the Plaintiff as a result of filing this litigation, including attorney's fees.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, attorney's fees, costs of suit, punitive damages, interest, treble damages, contract revision, and such other relief as the Court may deem equitable and just.

## Count ID
## Consumer Fraud Act

96.     Plaintiff repeats and re-alleges each and every allegation previously stated herein at length.

97.    Defendants' conduct, as set forth above, constitutes an unconscionable commercial practice, as defined in N.J.S.A. 56:8- 2.

98.    The contract of insurance granted Plaintiff and the proposed Class members an established legal right; namely, that they would be covered for insurance as outlined in the policy of insurance.

99.    Plaintiff and the proposed Class members paid Defendant significant consideration to obtain this insurance coverage.

100.    Defendants were fully aware that Plaintiff and the proposed Class members had this expectation of coverage in the event of a direct physical loss to their property.

101.    The Defendant, as the drafter of the agreement, has an obligation to define all coverages so that a policy holder can ascertain what coverages they have and don't have.

102.    The policy of insurance issued by Defendant's is a contract of adhesion.

103.    As a contract of adhesion, all ambiguous terms must be read in a light most favorable to the non-drafting party.

104.    Plaintiff and the proposed class had a reasonable expectation that their policy would cover leaks that resulted from the escape of water from their own plumbing system.

105.    Defendants unilaterally took actions to effectively terminate this coverage without notice or explanation to its insureds, applying a mystery definition to an ambiguous term drafted by defendant.

106.    Defendants' conduct, as set forth above, was carried out with a lack of good faith, honesty in fact and observance of fair dealing.

107.    As a consequence of Defendants' conduct, Plaintiff has suffered an ascertainable loss.

108.     Specifically, Defendants' conduct, as set forth above, has reduced the value of Plaintiffs policy as well as the policy of the proposed class.

109.     Defendant's application of this exclusion is unconscionable.

110.     Defendant's application of this exclusion is deceptive in that it makes it impossible for a policy holder to know what water damage is covered and what water damage is excluded.

111.     Defendant's issuing of the policy and the acceptance of the policy premiums was done under false pretense as Defendant has intentionally created an ambiguous term of its policy for the purpose of unreasonably and unjustly denying claims.

112.     Defendant has knowingly omitted material facts from the policy of insurance, specifically the definition of "period of time".

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, attorney's fees, costs of suit, punitive damages, interest, treble damages, contract revision, and such other relief as the Court may deem equitable and just.

### Count IV
### Unfair Claims Settlement Practices (N.J.A.C. 11:2-17)

113.     Plaintiff repeats and re-alleges each and every allegation previously stated herein at length.

114.     Defendant's are insurers regulated under the Unfair Claims Settlement Practices Act.

115.     The act states, in part, "§ 11:2-17.5 Misrepresentation of policy provisions (a) No insurer shall fail to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented."

116.    In addition, it states, "§ 11:2-17.8 Rules for fair and equitable settlements and reasonable explanations applicable to all insurance (a) No insurer shall deny or offer to compromise a claim because of a policy provision, including any concerning liability, a condition, or an exclusion without providing a specific reference to such language and a statement of the facts which make that language operative."

117.    Defendant has failed to provide an explanation of benefits regarding what leaks are covered, and what leaks are not covered; specifically, Defendant has failed to fully disclose how long a leak needs to be continuous or repeated to fall under the exclusions within the policy.

118.    Defendant has failed to offer a valid denial citing an exclusion and the facts which make that language operative as Defendant has failed to say how long the leak was occurring to make the exclusionary language operative.

119.    Defendant has failed to comply with the Unfair Claims Settlement Practices ("UCSP") law and as such, is liable to Plaintiff for that failure to comply.

120.    Defendant's failure to comply with the UCSP is further evidence of Defendant's Bad Faith Conduct.

121.    Defendant's failure to comply with the UCSP is further evidence of Defendant's Breach of Contract.

122.    Defendant's failure to comply with the UCSP is further evidence of Defendant's liability under the Consumer Fraud Act.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, attorney's fees costs of suit, punitive damages, interest, treble damages, contract revision, and such other relief as the Court may deem equitable and just.

## IX.    DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all the issues so triable herein.


WHEELER, DIULIO & BARNABEI, P.C.


BY:    ___*/s/ Anthony DiUlio*_____
          ANTHONY DIULIO, ESQUIRE
          Attorney for Plaintiff(s)

# EXHIBIT A

```
 1
 2
 3
 4
 5
 6          THE COURT:  Who's your next witness?
 7          MR. DiULIO:  Plaintiffs would call
 8   Mr. Toussaint on cross.
 9          THE COURT OFFICER:  State your full name
10   spell your last name.
11          THE WITNESS:  Edward Toussaint,
12   T-O-U-S-S-A-I-N-T.
13                      - - -
14              EDWARD TOUSSAINT, after having
15              been duly sworn, was examined
16              and testified as follows:
17                      - - -
18              DIRECT EXAMINATION
19                      - - -
20   BY MR. DiULIO:
21       Q    How are you doing today?
22       A    Good.
23       Q    You're a representative for State Farm,
24   correct?
25       A    Correct.
```

1      Q    The first thing I want to ask you is can

2  you show me in the policy where they define a period

3  of time?

4      A    I do not.

5      Q    Can you define it for me?

6      A    I think that's subjective.  It all depends

7  on what you find.

8      Q    Fair enough.  Would you agree with me that

9  just the term itself a period of time is also

10  ambiguous?  There's no way of knowing what that

11  means?

12      A    I would agree.

13      Q    In essence, a minute is a period of time?

14  A month, a week, a year, an hour, they're all

15  periods of time, correct?

16      A    Correct.

17      Q    Then we finally get to the condition.

18  Your duties after the loss, right?

19      A    Correct.

20      Q    And this is where they quote the language

21  as often and as reasonably required exhibit the

22  damage to the property, correct?

23      A    Yes.

24      Q    Which I think we touched on earlier.

25  Other than those things that we just discussed, is