Oral Argument Requested

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHANN SMITH,

                    Plaintiff,

    v.

STATE FARM FIRE AND CASUALTY
COMPANY,

                    Defendant.

Civil Action No.: 1:19-cv-10319

*ORAL ARGUMENT REQUESTED*

## NOTICE OF PLAINTIFF'S MOTION FOR RECONSIDERATION

### Oral Argument Requested

TO:    Clerk of Court, United States District Court for the District of New Jersey
         Mitchell H. Cohen Building & U.S. Courthouse
         4th & Cooper Streets, Room 1050
         Camden, NJ 08101

         Honorable Renee Marie Bumb, U.S.D.J.
         Mitchell H. Cohen U.S. Courthouse
         1 John F. Gerry Plaza
         Camden, NJ 08101

         David F. Swerdlow, Esq.
         Craig D. Gottilla, Esq.
         Windels Marx Lane & Mittendorf, LLP
         120 Albany Street Plaza, 6th Floor
         New Brunswick, NJ 08901
         Attorneys for Defendant, State Farm Fire and Casualty Company

**PLEASE TAKE NOTICE** that the undersigned, attorneys for Plaintiff, Johann Smith

(hereinafter, "Plaintiff"), shall move before the Honorable Renee Marie Bumb, U.S.D.J., at the

Mitchell H. Cohen United States Courthouse, 1 John F. Gerry Plaza, Camden, New Jersey

08101, on January 4, 2021, or on a date and time to be determined by the Court, for an Order

Oral Argument Requested

pursuant to Local Civil Rule 7.1(i) granting Plaintiff's request for reconsideration of the Court's

November 25, 2020 Opinion and Order granting, in part, Defendant's Motion to Dismiss with

respect to Plaintiff's legal argument that the Policy is ambiguous.

    **PLEASE TAKE FURTHER NOTICE** that the undersigned counsel for Plaintiff shall

rely upon Oral Argument, the Memorandum of Law and accompanying exhibits in support of her

application for reconsideration of the Court's November 25, 2020 Opinion and Order granting, in

part, Defendant's Motion to Dismiss.

    **PLEASE TAKE FURTHER NOTICE** that Plaintiff respectfully **<u>requests oral</u>**

**<u>argument</u>**.

                   Respectfully submitted,

                   **WHEELER, DiULIO & BARNABEI, P.C.**

       BY:   */s/ Anthony DiUlio*
                    ANTHONY DiULIO, ESQUIRE
                    Attorney for Plaintiff

Date: December 28, 2020

Oral Argument Requested

## CERTIFICATION OF FILING AND MAILING

I HEREBY CERTIFY that on this 28th day of December, 2020, I electronically filed Plaintiff, Johann Smith's Motion for Reconsideration, Memorandum in Support of Plaintiff's Motion for Reconsideration and Accompanying Exhibits, and proposed Order with the Clerk of the Court using the ECF system and electronically served the same on:

David F. Swerdlow, Esq.
Windels Marx Lane & Mittendorf, LLP
120 Albany Street Plaza, 6th Floor
New Brunswick, NJ 08901

Craig D. Gottilla, Esq.
Windels Marx Lane & Mittendorf, LLP
120 Albany Street Plaza, 6th Floor
New Brunswick, NJ 08901

I FURTHER HEREBY CERTIFY that I will promptly send a courtesy copy of the above-referenced material pursuant to Fed. R. Civ. P. 56 marked "Courtesy Copy" to the Honorable Renee M. Bumb, U.S.D.J. via regular mail to the Mitchell H. Cohen Building and U.S. Courthouse, Courtroom 4D, 4th and Cooper Streets, Camden, New Jersey 08101.

Respectfully submitted,

BY: _/s/ Anthony DiUlio_
ANTHONY DiULIO, ESQUIRE
Wheeler, DiUlio & Barnabei, P.C.
Attorney for Plaintiff
One Penn Center
1617 JFK Boulevard, Suite 1270
Philadelphia, PA 19103
Main: 215.971.1000

Oral Argument Requested

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHANN SMITH,

        Plaintiff,

  v.

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant.

Civil Action No.: 1:19-cv-10319

## ORDER

**AND NOW**, to wit, this _____ day of _____, 2020, upon consideration of Plaintiff's Motion for Reconsideration, Defendant's Response, Plaintiff's reply, along with oral argument, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED**.

BY THE COURT:

_____
**JUDGE RENEE M. BUMB**
United States District Court for the
District of New Jersey

Oral Argument Requested

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHANN SMITH,

              Plaintiff,

    v.

STATE FARM FIRE AND CASUALTY
COMPANY,

              Defendant.

Civil Action No.: 1:19-cv-10319

## CERTIFICATION OF COUNSEL

### Oral Argument Requested

    I, Anthony DiUlio, Esquire, of full age, hereby certifies and says:

    1.    I am an attorney at law of the State of New Jersey and a partner with the law firm of Wheeler, DiUlio & Barnabei, P.C., attorneys for Plaintiff, Johann Smith, in the above-captioned matter.

    2.    A true and correct copy of Defendant's Answer, filed on December 9, 2020, is attached hereto as Exhibit "D."

                                 BY:   */s/ Anthony DiUlio*

                                   ANTHONY DiULIO, ESQUIRE
                                   Wheeler, DiUlio & Barnabei, P.C.
                                   Attorney for Plaintiff
                                   1617 JFK Boulevard, Suite 1270
                                   Philadelphia, PA 19103

Date: December 28, 2020

Oral Argument Requested

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHANN SMITH,

        Plaintiff,

    v.

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant.

Civil Action No.: 1:19-cv-10319

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS HONORABLE COURT'S NOVEMBER 25, 2020 ORDER DISMISSING, IN PART, PLAINTIFF'S COMPLAINT

Plaintiff, Johann Smith ("Plaintiff"), by and through her attorneys, Wheeler, DiUlio & Barnabei, P.C., hereby files this Motion For Reconsideration Of This Honorable Court's November 25, 2020 Order Dismissing, In Part, Plaintiff's Complaint, and in support thereof, incorporates their Memorandum of Law, and all Exhibits attached thereto.

WHEREFORE, Plaintiff, Johann Smith, respectfully requests that this Honorable Court reconsider its November 25, 2020 Order and DENY Defendant's Motion to Dismiss and enter an order in the form attached hereto.

Respectfully submitted,

BY:   */s/ Anthony DiUlio*

        ANTHONY DiULIO, ESQUIRE
        Wheeler, DiUlio & Barnabei, P.C.
        Attorney for Plaintiff
        One Penn Center
        1617 JFK Boulevard, Suite 1270
        Philadelphia, PA 19103

Date: December 28, 2020
        Main: 215.971.1000

Oral Argument Requested

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHANN SMITH,

        Plaintiff,

    v.

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant.

Civil Action No.: 1:19-cv-10319

**REPLY BRIEF ON BEHALF OF PLAINTIFF JOHANN SMITH IN SUPPORT OF HER
MOTION FOR RECONSIDERATION AND IN RESPONSE TO DEFENDANT'S
RESPONSE IN OPPOSITION TO PLAINITFF'S MOTION FOR RECONSIDERATION**

**ORAL ARGUMENT REQUESTED**

      */s/ Anthony DiUlio*
      ANTHONY DiULIO, ESQUIRE
      Wheeler, DiUlio & Barnabei, P.C.
      Attorney for Plaintiff
      One Penn Center
      1617 JFK Boulevard, Suite 1270
      Philadelphia, PA 19103
      Main: 215.971.1000

      *Attorney for Plaintiff*

Oral Argument Requested

# TABLE OF CONTENTS

I.      INTRODUCTION………...…………………………………………………………1

II.     PLAINTIFF'S MOTION SOUNDS IN ISSUES OVERLOOKED, MANIFEST INJUSTICE, AND NOW NEW EVIDENCE NOT PREVIOULSY AVAILABLE …...………..2

III.    III.    DEFENDANT'S ANSWER OFFERS EVEN MORE NEW EVIDENCE AS TO THE AMBIGUITY OF DEFENDANT'S EXCLUSION …..………………………………….4

IV.    CONCLUSION………………………………………………………………..13

Oral Argument Requested

# TABLE OF AUTHORITIES

Cases

Brodzinski v. State Farm Fire & Casualty Co., Civil Action No. 16-6125, 2017 WL, 3675399, at

*4 (E.D. Pa. Aug. 25, 2017).......................................................................................... 5

Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1995).......................................... 3

N. River Ins. Co. v. CIGNA Reinsurance, Co., 52 F.3d 1194, 1218 (3d Cir. 1995) ..................... 3

Templo Fuente de Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 129 A.3d 1069, 1075

(N.J. 2016) ........................................................................................................ 2

Oral Argument Requested

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHANN SMITH,

               Plaintiff,

     v.

STATE FARM FIRE AND CASUALTY
COMPANY,

               Defendant.

Civil Action No.: 1:19-cv-10319

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF, JOHANN SMITH'S
MOTION FOR RECONSIDERATION**

**Oral Argument Requested**

I.    **INTRODUCTION**

      The term "period of time," and its usage within this policy, is so ambiguous that even the

Defendant does not know when it applies and when it does not. In other words, even the

Defendant cannot make out the "boundaries of coverage" as required by New Jersey law. See

Templo Fuente de Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 129 A.3d 1069, 1075

(N.J. 2016). In fact, through the 295 pages filed, to date, by the Defendant solely relating to the

phrase "period of time," State Farm has not provided a single explanation as to when it applies

and when it does not. We still have no reason why State Farm's own representative admitted,

under oath, that the phrase was ambiguous, other than the fact that it is. And most importantly,

there has been no explanation as to what the boundaries of this exclusion are.

      All of these points are solidified in the newest piece of evidence for the Court to review,

Defendant's Answer to Plaintiff's Complaint. As outlined below, through Defendant's own

responses in its Answer, it cannot and will not indicate what the bounds of coverage are. Further,

Oral Argument Requested

Defendant even goes so far as to willfully deny statements made under oath by its own representatives without any explanation or excuse.

## II.   PLAINTIFF'S MOTION SOUNDS IN ISSUES OVERLOOKED, MANIFEST INJUSTICE, AND NOW NEW EVIDENCE NOT PREVIOULSY AVAILABLE

Defendant focuses almost the entirety of its response on the concept that Plaintiff has failed to address new evidence or law for this Court to consider. However, Defendant fails to recognize the other prong of Rule 7.1(i), which is the need to correct clear errors of law. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1995); see also N. River Ins. Co. v. CIGNA Reinsurance, Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Additionally, given Defendant's Answer, there is new evidence for this Court to consider as part of its decision.  Plaintiff has requested oral argument to hopefully allow all parties an opportunity in open court to argue the points addressed in this Motion.

## III.   DEFENDANT'S ANSWER OFFERS EVEN MORE NEW EVIDENCE AS TO THE AMBIGUITY OF DEFENDANT'S EXCLUSION

After the filing of Plaintiff's Motion for Reconsideration, Defendant filed an Answer to Plaintiff's Complaint that should be considered by this Court as part of Plaintiff's Motion for Reconsideration.

In Plaintiff's Complaint, Plaintiff states that "Under this policy language, a leak that occurs over a one-minute period of time would fit the policy definition for this exclusion and therefore could be excluded." See Plaintiff's Complaint, ¶ 13. Plaintiff continues this line for different periods of time including thirty minutes, four hours, one day, one week, two weeks, one month, three months, and one year. See Plaintiff's Complaint, ¶ 14 – 21. Defendant entirely failed to address these statements and only responded to them collectively by stating "[t]he allegations in these paragraphs are hypothetical and speculative in nature and cannot be admitted

Oral Argument Requested

or denied. State Farm further notes that the Court rejected plaintiff's "ambiguity" claims in its

Opinion and Order filed on November 25, 2020. See Dkt. Entry Nos. 45-46." See, Exhibit D, ¶

13-21. This emphasizes and clarifies Plaintiff's argument as to the ambiguity of this exclusion.

Even the Defendant cannot tell us the bounds of coverage. Without this information, the

exclusion is, on its face, ambiguous.

Defendant does not stop with a blanket refusal to indicate what the boundaries of this

exclusion are, it goes so far as to deny that statements were made by its own representatives. In ¶

31 of Plaintiff's Complaint, Plaintiff stated that "Defendant's own representative has admitted

that the term is ambiguous. A true and correct copy of an excerpt of the Trial Testimony

Transcript of Ed Toussant is attached hereto as Exhibit B. ("Q. You're a representative for State

Farm, correct? A. Correct.")

```
1 Q The first thing I want to ask you is can
2 you show me in the policy where they define a
period
3 of time?
4 A I do not.
5 Q Can you define it for me?
6 A I think that's subjective. It all depends
7 on what you find.
8 Q Fair enough. Would you agree with me that
9 just the term itself a period of time is also
10 ambiguous? There's no way of knowing what that
11 means?
12 A I would agree.
13 Q In essence, a minute is a period of time?
14 A month, a week, a year, an hour, they're all
15 periods of time, correct?
16 A Correct."
```

This was a direct quote from a statement made under oath, in live court. However, Defendant

still, unjustly and unreasonably, responded by denying the statement was made. See Exhibit D, ¶

31. Defendant, rather than addressing the actual statements made in Plaintiff's Complaint, only

cites to this Court's Order but does not address the factual averment made.

Oral Argument Requested

When looking at this new Pleading from Defendant, in the form of its Answer to Plaintiff's Complaint, it becomes even clearer that it is impossible to determine the boundaries of this exclusion. As a result, Plaintiff is asking this Court to reconsider its prior Order.

## IV.   <u>CONCLUSION</u>

If this policy language truly is not ambiguous, then it should not be difficult to answer the question Plaintiff has posed from the outset of litigation. How long must a leak be going on for it to be excluded under this policy provision? This is the boundary of coverage we are looking to have defined as required by <u>Templo Fuente de Vida Corp</u> and to this date, that question remains unanswered. For example, using <u>Brodzinski's</u> improper logic, it claims that a leak that is a "single, isolated event [that does] not occur over a period of time" is covered. See <u>Brodzinski v. State Farm Fire & Casualty Co</u>., Civil Action No. 16-6125, 2017 WL, 3675399, at *4 (E.D. Pa. Aug. 25, 2017). So how long does that hypothetical leak go on? Whatever the answer is, one minute to one year, it is a period of time. Even if you were to read the word "reasonable" into the policy, thus changing the contract, there is still no way for an insured to know the boundaries of coverage. With all of this in mind, and without any semblance of boundaries or a way to answer the one question of how long is too long, this provision is, on its face, ambiguous. We ask this Court to reconsider its prior order and allow this case to continue through discovery for the benefit of the entire class.

Respectfully submitted,

BY:   <u>/s/ Anthony DiUlio</u>
   ANTHONY DiULIO, ESQUIRE
   Wheeler, DiUlio & Barnabei, P.C.
   Attorney for Plaintiff
   One Penn Center
   1617 JFK Boulevard, Suite 1270
   Philadelphia, PA 19103
Date: December 28, 2020   Main: 215.971.1000

# Exhibit "D"

**WINDELS MARX LANE & MITTENDORF, LLP**
David F. Swerdlow, Esq. (dswerdlow@windelsmarx.com)
120 Albany Street Plaza, 6th Floor
New Brunswick, New Jersey 08901
(732) 846-7600

**RILEY SAFER HOLMES & CANCILA, LLP**
Joseph A. Cancila, Jr. (admitted *pro hac vice*) (jcancila@rshc-law.com)
Sondra A. Hemeryck (admitted *pro hac vice*) (shemeryck@rshc-law.com)
Rodney Perry (admitted *pro hac vice*) (rperry@rshc-law.com)
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
Attorneys for Defendant
  State Farm Fire and Casualty Company

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOHANN SMITH**, <br><br>               Plaintiff, <br><br> vs. <br><br> **STATE FARM FIRE AND CASUALTY COMPANY,** <br><br>               Defendant. | Civil Action No. 19-10319 (RMB-KMW) <br><br><br> **STATE FARM'S ANSWER & SEPARATE DEFENSES TO THIRD AMENDED COMPLAINT** |

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through its attorneys, by way of answer to the Third Amended Complaint (filed 11/12/19), says:

**I.  PRELIMINARY STATEMENT**

1.      The complaint speaks for itself, and State Farm denies any wrongdoing or liability.  State Farm further notes that the Court dismissed with prejudice Counts II – V and all proposed class action claims by Opinion and Order filed on November 25, 2020.  *See* Dkt. Entry Nos. 45-46.

2-7.    The allegations in these paragraphs call for a legal conclusion to which no response is required.  State Farm notes that the Court rejected plaintiff's "ambiguity" claims in its Opinion (*see* slip op. at pp. 11-17) and Order filed on November 25, 2020.  *See* Dkt. Entry Nos. 45-46.

8-9.    The policy speaks for itself, and State Farm refers to the policy for all of its terms, coverages, conditions, limitations, and exclusions.  Admitted that Exhibit A attached to the Third Amended Complaint includes copies of the policy form and endorsements issued to plaintiff.

10-12.  Denied.  State Farm further notes that the Court rejected plaintiff's "ambiguity" claims in its Opinion and Order filed on November 25, 2020.  *See* Dkt. Entry Nos. 45-46.

13-21.  The allegations in these paragraphs are hypothetical and speculative in nature and cannot be admitted or denied.  State Farm further notes that the Court rejected plaintiff's "ambiguity" claims in its Opinion and Order filed on November 25, 2020.  *See* Dkt. Entry Nos. 45-46.

22.     The policy speaks for itself, and State Farm refers to the policy for all of its terms, coverages, conditions, limitations, and exclusions.

23-24.  Denied.  State Farm further notes that the Court rejected plaintiff's "ambiguity" claims in its Opinion and Order filed on November 25, 2020.  *See* Dkt. Entry Nos. 45-46.

25-30.  State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs and leaves plaintiff to her proofs with respect to those allegations.

31.     Denied.  State Farm further notes that the question of whether an insurance policy's terms are "ambiguous" is one of law for the Court to decide, and the Court in this case rejected plaintiff's "ambiguity" claims in its Opinion and Order filed on November 25, 2020.  *See* Dkt. Entry Nos. 45-46.

32.     The policy speaks for itself, and State Farm refers to the policy for all of its terms, coverages, conditions, limitations, and exclusions.

33.     The policy speaks for itself, and State Farm refers to the policy for all of its terms, coverages, conditions, limitations, and exclusions.  State Farm denies that the policy provides coverage for the loss claimed by plaintiff.

34.     Denied.

35-36.     The allegations in these paragraphs are hypothetical and speculative in nature and cannot be admitted or denied.  State Farm further notes that the Court rejected plaintiff's "ambiguity" claims in its Opinion and Order filed on November 25, 2020.  *See* Dkt. Entry Nos. 45-46.

37-39.     Denied. State Farm further notes that the Court rejected plaintiff's "ambiguity" claims in its Opinion and Order filed on November 25, 2020.  *See* Dkt. Entry Nos. 45-46.

40.     The policy speaks for itself, and State Farm refers to the policy for all of its terms, coverages, conditions, limitations, and exclusions.

41.     Denied.    State Farm further notes that the Court rejected plaintiff's "unconscionability" claims in its Opinion (*see* slip op. at pp. 24-25) and Order filed on November 25, 2020.  *See* Dkt. Entry Nos. 45-46.

42.     The allegations in this paragraph are hypothetical and speculative in nature and cannot be admitted or denied.  State Farm further notes that the Court rejected plaintiff's "ambiguity" claims in its Opinion and Order filed on November 25, 2020.  *See* Dkt. Entry Nos. 45-46.

43.      The allegations in this paragraph call for a legal conclusion to which no response is required. To the extent a response is required, the policy speaks for itself and State Farm refers to the policy for all of its terms, coverages, conditions, limitations, and exclusions.

44-51.    Denied. State Farm further notes that the Court rejected plaintiff's "ambiguity" and "unconscionability" claims in its Opinion and Order filed on November 25, 2020. *See* Dkt. Entry Nos. 45-46.

**II.     PARTIES**

52.      State Farm repeats and realleges the prior answers in this pleading.

53.      State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves plaintiff to her proofs with respect to those allegations.

54.      Admitted.

**III.    JURISDICTION AND VENUE**

55.      State Farm repeats and realleges the prior answers in this pleading.

56-57.    The allegations in these paragraphs call for a legal conclusion to which no response is required. To the extent a response is required, State Farm admits that this Court has jurisdiction and the case is properly venued.

**IV.     FACTUAL ALLEGATIONS AS TO THE CLASS REPRESENTATIVE**

58.      State Farm repeats and realleges the prior answers in this pleading.

59.      Admitted that State Farm issued an insurance policy to plaintiff, which speaks for itself. State Farm is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and leaves plaintiff to her proofs with respect to those allegations.

60-62.     Admitted only that the policy was in effect on October 20, 2018.  State Farm is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in these paragraphs and leaves plaintiff to her proofs with respect to those allegations.

63.        Admitted only that State Farm received notice of a loss.  The remaining allegations in this paragraph are denied.

64.        Admitted that State Farm inspected the property on October 24, 2018 and observed that the old garbage disposal was rusted away.  The letter attached to the Third Amended Complaint as Exhibit C speaks for itself.

65.        Denied.

66.        The allegations in this paragraph are incomprehensible and are therefore denied.

67.        Denied.

68.        Admitted that State Farm inspected the property on October 24, 2018 and observed rot and deterioration to the sub-floor below where the kitchen sink is located.  The letter attached to the Third Amended Complaint as Exhibit C speaks for itself.

69-72.     Denied.

## V.        PLAINTIFF'S CAUSES OF ACTION

### Count I
### Breach of Contract

73.        State Farm repeats and realleges the prior answers in this pleading.

74.        Admitted that State Farm issued an insurance policy to plaintiff, which speaks for itself.

75.        State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and leaves plaintiff to her proofs with respect to those allegations.

76.     Admitted only that State Farm received notice of a loss.  The remaining allegations in this paragraph are denied.

77-78.    Denied.

79.     The allegations in this paragraph call for a legal conclusion to which no response is required.  To the extent a response is required, State Farm denies that it breached any duty to plaintiff.  State Farm further notes that the Court dismissed with prejudice plaintiff's "bad faith" claim in its Opinion (see slip op. at pp. 19-20) and Order filed on November 25, 2020.  *See* Dkt. Entry Nos. 45-46.

81.     Denied.  State Farm further notes that the Court rejected plaintiff's "unconscionability" claims in its Opinion and Order filed on November 25, 2020.  *See* Dkt. Entry Nos. 45-46.

82.     Denied.

## Counts II, III, IV, V
### (Bad Faith, Consumer Fraud Act, Unconscionability, Unfair Claims Settlement Practices)

83-123.   The Court dismissed with prejudice Counts II, III, IV and V by Opinion and Order filed on November 25, 2020.  *See* Dkt. Entry Nos. 45-46.  Therefore, no responses are necessary.

**VI.     FACTUAL ALLEGATIONS AS TO THE CLASS**
**VII.    CLASS CERTIFICATION**
**VIII.   CLASS ACTION CLAIMS (Counts I – V)**

124-185.   The Court dismissed with prejudice all class claims by Opinion and Order filed on November 25, 2020.  *See* Dkt. Entry Nos. 45-46.  Therefore, no responses are necessary.

## SEPARATE DEFENSES

1.      The complaint fails to state a claim upon which relief can be granted.

2.      State Farm breached no contractual, common law, statutory, or regulatory duty to plaintiff.

3.      No alleged act or omission by State Farm proximately caused any harm to plaintiff.

4.      Damages, if any, sustained by plaintiff were the result of actions and negligence of persons and/or entities over whom State Farm has no control.

5.      Plaintiff's claims are barred by her own negligence or reduced under principles of comparative and contributory negligence.

6.      Plaintiff's claims are barred in whole or in part due to applicable terms, conditions, and exclusions of the policy at issue, which terms, conditions and exclusions speak for themselves.

7.      The rights and obligations of State Farm are defined and controlled by the limits of liability, terms, exclusions, conditions, and other provisions of the insurance policy issued by State Farm.  The limits, terms, exclusions, conditions, and other provisions of said policy cannot all be itemized as affirmative defenses, and are therefore incorporated by reference herein.  A reference herein to any particular limit, term, exclusion, condition or other provision of the policy shall not in any way be construed as a waiver or limitation of any other limit, term, exclusion, condition or other provision of the policy.

8.      The policy does not insure for loss consisting of or caused by seepage or leakage of water or steam that occurs or develops over a period of time and is continuous, repeating, gradual, intermittent, slow, or trickling, and is from a heating, air conditioning or fire protective sprinkler system, household appliance, or plumbing system.

9.      The policy does not insure for loss consisting of or caused by wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown.

10.     The policy does not insure for loss consisting of or caused by corrosion, electrolysis, or rust.

11.     The policy does not insure for loss consisting of or caused by wet or dry rot.

12.     The policy does not insure for loss resulting from or involving the neglect of the insured to use all reasonable means to save and preserve the property at and after the time of loss or when the property is endangered.

13.     The policy does not insure for fungus (including mold) related loss, other than as set forth in the limited coverage endorsement HO-2466.

14.     The policy does not insure for loss consisting of or caused by defect, weakness, inadequacy, fault or unsoundness in (a) planning, zoning, development, surveying, siting; (b) design, specifications, workmanship, construction, grading, compaction; (c) materials used in construction or repair; or (d) maintenance.

15.     Plaintiff failed to mitigate damages, if any.

16.     Plaintiff's claims are barred or reduced by assumption of the risk.

17.     Plaintiff's claims are barred or reduced by the doctrine of avoidable consequences.

18.     Plaintiff's claims are barred by the doctrines of laches, waiver, and/or estoppel.

19.     The Court's Opinion and Order dismissing the bad faith claim also eliminates all claims for punitive damages. *Johnson v. Liberty Mut. Ins. Co.*, No. 10-494, 2010 WL 2560489, at *3 (D.N.J. June 24, 2010) ("[A]n insured who cannot state a claim for bad faith damages is necessarily unable to prevail on a claim for punitive damages under the higher standard of egregious circumstances.").

20.     Plaintiff's complaint fails to state a valid claim for punitive damages. Moreover, plaintiff's claim for punitive damages is barred or limited under New Jersey law and/or by the

procedural and substantive due process guarantees, the guarantees against the taking of property in an arbitrary or irrational manner or without adequate compensation, the guarantees of equal protection of the laws, and the guarantees against undue burden upon commerce set forth in the United States Constitution.

21.     The allegations are too vague and unspecified to enable State Farm to determine all of its defenses and therefore State Farm reserves its right to supplement and amend this pleading.

WHEREFORE, State Farm demands judgment dismissing plaintiff's complaint, awarding costs and attorneys' fees to State Farm, and granting such other relief as the Court deems just and proper.

## RESERVATION OF DEFENSES

State Farm reserves the right to assert any and all other defenses, both factual and legal, as may be justified by information subsequently obtained.

WHEREFORE, State Farm demands judgment dismissing plaintiff's complaint, awarding costs and attorneys' fees to State Farm, and granting such other relief as the Court deems just and proper.

## DEMAND FOR STATEMENT OF DAMAGES

In accordance with Local Civil Rule 8.1, State Farm hereby demands that plaintiff provides a written statement of the amount of damages claimed against State Farm within the time prescribed by the Local Civil Rules.

## DESIGNATION OF TRIAL COUNSEL

State Farm hereby designates David F. Swerdlow, Esq. as its trial counsel in the above matter.

WINDELS MARX LANE & MITTENDORF, LLP
Attorneys for Defendant
State Farm Fire and Casualty Company

By: */s/David F. Swerdlow*
David F. Swerdlow

Dated:  December 9, 2020

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

In accordance with L. Civ. R. 11.2, I hereby certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any Court or of any pending arbitration or administration proceeding.

*/s/David F. Swerdlow*
David F. Swerdlow

Dated:  December 9, 2020

## CERTIFICATION OF SERVICE

I certify that on this date I caused this pleading to be electronically filed with the United States District Court.  All registered counsel of record will receive an electronic copy of this pleading.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*/s/David F. Swerdlow*
David F. Swerdlow

Dated:  December 9, 2020