[Docket No. 48]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHANN SMITH, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant. | Civil No. 19-10319 (RMB/AMD) <br><br> **OPINION** |

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court on the Motion for Reconsideration brought by Plaintiff Johann Smith. [Docket No. 48.] For the reasons expressed below, the Court will deny Plaintiff's Motion.

I. BACKGROUND

This matter stems from an insurance dispute between Plaintiff and Defendant State Farm Fire and Casualty Company. The Court incorporates the factual background from its previous Opinion. [Docket No. 45, at 1-7.] The principal issue raised by Plaintiff is whether certain terms of the Policy are ambiguous. The Court previously granted Defendant's Motion to Dismiss with respect to Plaintiff's legal argument that the Policy is ambiguous. [Docket No. 46.]

1

[Docket No. 48]

In light of the Court's previous Opinion, Plaintiff filed the present Motion for Reconsideration on December 9, 2020. [Docket No. 48.] Defendant timely filed its Response in Opposition on December 21, 2020. [Docket No. 49.] Plaintiff timely filed her Reply Brief on December 28, 2020. [Docket No. 50.]

## II.   ANALYSIS

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp. 2d 610, 612 (D.N.J. 2001). Local Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. Agostino v. Quest Diagnostics Inc., Civil Action No. 04-4362, 2010 U.S. Dist. LEXIS 135310, at *5 (D.N.J. Dec. 22, 2010) (first citing Bryan v. Shah, 351 F. Supp. 2d 295, 297 (D.N.J. 2005); and then citing Bowers, 130 F. Supp. 2d at 612).

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (internal citation omitted). Reconsideration is to be granted only sparingly. United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). Such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have

2

[Docket No. 48]

been raised prior to the entry of judgment." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515-16 (D.N.J. 1996) (internal citation omitted). Third Circuit jurisprudence dictates that a Rule 7.1(i) motion may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d. Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); Agostino, 2010 U.S. Dist. LEXIS 135310, at *5. "A motion for reconsideration . . . is not to repeat arguments this Court considered, but rejected. In short, Plaintiff's mere disagreement with this Court's finding is not a basis for reconsideration." Stetser v. Jinks, Civil Action No. 10-3094 (RMB/JS), 2013 U.S. Dist. LEXIS 143578, at *1-3 (D.N.J. Oct. 3, 2013).

Plaintiff's Motion for Reconsideration argues that the relevant Policy is ambiguous. Specifically, Plaintiff argues that the Policy's exclusion from coverage of damages caused by "seepage or leakage of water . . . that occurs or develops over a period of time; and is: continuous; repeating; gradual; intermittent; slow; or trickling" is ambiguous. [See Docket No. 40, at 9-25.]

[Docket No. 48]

A term is ambiguous if it "is subject to more than one reasonable interpretation." Templo Fuente de Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 129 A.3d 1069, 1075 (N.J. 2016). "Only where there is a genuine ambiguity, that is, 'where the phrasing of the policy is so confusing that the average policyholder cannot make out the boundaries of the coverage,' should the reviewing court read the policy in favor of the insured." Id. (internal quotations omitted) (quoting Progressive Cas. Ins. Co. v. Hurley, 765 A.2d 195, 202 (N.J. 2001)). The question of whether an insurance policy's terms are ambiguous is one of law for the court to decide. Newport Assocs. Dev. Co. v. Travelers Indem. Co. of Ill., 162 F.3d 789, 792 (3d Cir. 1998).

Plaintiff puts forth four arguments in support of her Motion. First, she argues that the Court misunderstood her ambiguity argument to be referring only to certain subjective descriptors ("continuous," "repeating," "gradual," "intermittent," "slow," or "trickling"), when it was actually about the Policy's "over a period of time" language. [Docket No. 48, at 5-6.] Second, Plaintiff asserts that the Policy's ambiguity is self-evident, given the references to more precise periods of time throughout the Policy. [Id. at 10-12.] Third, Plaintiff argues that a case upon which the Court relied, Brodzinski v. State Farm Fire & Casualty Co., Civil Action No. 16-6125, 2017 U.S. Dist. LEXIS 136644 (E.D. Pa. Aug. 25, 2017), is contradicted by a case that

4

[Docket No. 48]

Plaintiff mistakenly argues is binding on the Court, Fifth v. State Farm Ins. Co., Civil Action No. 11-7440, 2014 U.S. Dist. LEXIS 39731 (D.N.J. Mar. 25, 2014). Finally, Plaintiff contends in her Reply that Defendant's Answer to the Complaint provides new evidence that supports a finding of ambiguity. The Court will address each argument in turn.

With respect to Plaintiff's first argument, Plaintiff argues that the Court misunderstood her ambiguity argument and analyzed the subjective descriptors, such as "continuous," "repeating," "gradual," "intermittent," "slow," or "trickling," instead of the "over a period of time" language for ambiguity. [Docket No. 48, at 9.] This argument is without merit. As Defendant points out:

> The Court has long understood the importance of that language to Plaintiff's case, as the following colloquy from the October 25, 2019 conference makes clear:
>
>> THE COURT: . . . As I think I understand, your allegation is that you – the exclusion in the policy that continuous or repeated seepage or leakage of water which occurs over a period of time, you say that the clause "over a period of time" is ambiguous. Is that sort of the sine qua non of your complaint?
>>
>> MR. BARNABEI: That is the – that's the basis of the complaint, yes, your Honor.

[Docket No. 49, at 4.]

The Court mentioned and analyzed Brodzinski and Fifth in its previous Opinion because of the specific attention placed on the "over a period of time" language. [Docket No. 46, at 16-17.] This

5

[Docket No. 48]

Court also considered and rejected the argument that there is no objective standard to inform Plaintiff as to which leaks are covered and which are not. [Docket No. 46, at 24-25.] Plaintiff's mere disagreement with the Court's finding does not provide the proper grounds for reconsideration. Stetser, 2013 U.S. Dist. LEXIS 143578, at *3. The Court already determined that the phrase "over a period of time" is unambiguous. [Docket No. 46, at 28.]

Nor is the Court convinced by Plaintiff's second argument – that the Policy itself provides for various meanings of "over a period of time." [Docket No. 48, at 10-12.] The Court notes that one cannot raise new arguments in a motion for reconsideration. NL Indus., Inc., 935 F. Supp. at 515-16. Nevertheless, the Court finds the argument is unavailing. The introduction of examples referencing specific periods of time within the Policy is another way of arguing that the "period of time" language prevents the Plaintiff from knowing the boundaries of her coverage. This argument was already considered and rejected in the previous Opinion: "In other words, Plaintiff argues that the lack of precise, objective terms (such as specified periods of time) renders the provision so 'grossly unfair' as to be unconscionable. This argument is substantially the same as Plaintiff's ambiguity argument, which the Court has already rejected." [Docket No. 46, at 25.] As Defendant notes, "[t]he Court did not overlook Plaintiff's argument, it simply disagreed with

6

[Docket No. 48]

it." [Docket No. 49, at 5.] Once again, mere disagreement is not a sufficient basis for reconsideration. Stetser, 2013 U.S. Dist. LEXIS 143578, at *3.

In response to Plaintiff's second argument, Defendant also contends that:

> The fact that some provisions of the Policy reference specific time periods — such as the time allotted for appraisers to reach agreement on the amount of the loss — does not establish that a similar approach is warranted or required as to other aspects of the Policy.

[Docket No. 49, at 6.]

The Court agrees and previously ruled that insurance companies should analyze claims of this nature on an individualized basis to determine if the water damage at issue is covered. [Docket No. 46, at 28-29.] As the Court noted then, the "over a period of time" language of the Policy "injects an element of reasonableness" to determine if coverage is warranted. [Docket No. 49, at 6.] Conversely, the Court noted that a black-and-white rule "such as 'two days or two weeks' would prompt the argument that the selected time period was 'unduly burdensome or narrow.'" Id.

The Court deems insufficient Plaintiff's third argument, that the Court erred in its application of Brodzinski. Plaintiff contends the Brodzinski court's finding that the term "period of time" was unambiguous is rejected by Fifth, which, Plaintiff argues, is binding on this Court. [Docket No. 48, at 13.] Plaintiff argues that because Fifth recognized "time" could be measured in

7

[Docket No. 48]

seconds, the Policy does not provide coverage even for a single, isolated event causing damage. [Docket No. 48, at 13-14.] The Court has already considered this argument and found it unpersuasive. Plaintiff's reasoning once again reinforces a "hyper-literal, impractical" reading of the Policy language that was strongly rejected in the previous Opinion. [Docket. No. 46, at 17.] Defendant notes that the Fifth court actually further supports this Court's previous ruling:

> The court in Fifth found that the term "over a period of time" was not ambiguous "[i]n the context of" that case. Implicit in that conclusion is a determination that "over a period of time" is not ambiguous as a matter of law — i.e., regardless of the context of a specific case. Fifth is thus entirely consistent with Brodzinski. Indeed, the Brodzinski opinion cites Fifth as support for its finding that "[t]here is nothing that is ambiguous about the phrase 'over a period of time' when read in the context of the entire exclusion."

[Docket No. 49, at 7 (first quoting Fifth, 2014 U.S. Dist. LEXIS 39731, at *16 n.6; and then quoting Brodzinski, 2017 U.S. Dist. LEXIS 136644, at *5).]

Indeed, Judge Hillman's decision in Fifth supports this Court's conclusion: "In the context of this case where the damage was extensive from a small leak that was on-going, the term 'over a period of time' is not ambiguous. However, it is possible that under a different set of facts, the term could be ambiguous." Fifth, 2014 U.S. Dist. LEXIS 39731, at *16 n.6. The Court agrees

8

[Docket No. 48]

with Defendant's legal reasoning and rejects Plaintiff's claim that there was an error of law in the previous Opinion.[1]

Turning to Plaintiff's final argument, she contends that new evidence has been introduced by Defendant's Answer to Plaintiff's Complaint. [Docket. No. 50, at 3-4.] Plaintiff alleges in her Complaint that a leak lasting anywhere from one minute to one year would be excluded under this Policy. [Docket No. 31, ¶¶ 13-21.] Defendant answered, "[t]he allegations in these paragraphs are hypothetical and speculative in nature and cannot be admitted or denied. State Farm further notes that the Court rejected plaintiff's 'ambiguity' claims in its Opinion and Order filed on November 25, 2020." [Docket No. 47, ¶¶ 13-21.] The Court has already considered the ambiguity argument and analyzed it critically. The Court also noted that each case is to be reviewed on an individualized basis without a black-and-white rule outlining a specific time period. [Docket No. 49, at 6.] This purported "new evidence" does nothing to change the Court's analysis, and Plaintiff's ambiguity argument remains insufficient.

---

[1] In addition, Judge Hillman's well-reasoned opinion in <u>Fifth</u> is not binding on this Court as Plaintiff repeatedly asserts. The Third Circuit has found that a "single district court decision has little precedential effect and is not binding on other district judges in the same district." <u>Threadgill v. Armstrong World Indus., Inc.</u>, 928 F.2d 1366, 1378 n.7 (3d Cir. 1991) (quoting <u>United States v. Article of Drugs Consisting of 203 Paper Bags</u>, 818 F.2d 569, 572 (7th Cir. 1987)).

[Docket No. 48]

In support of her final argument, Plaintiff contends, for a second time, that Defendant-employee Ed Toussant admitted ambiguity by testifying that "[a] month, a week, a year, and hour" are all "periods of time." [Docket No. 50, at 4-5.] The Court is familiar with this testimony and previously stated that it was not convinced by the argument. [Docket No. 46, at 17 n.2.] Plaintiff merely disagrees with the Court's interpretation of that evidence, meaning that her present argument cannot be the basis for the pending Motion.

## III. CONCLUSION

For the reasons expressed above, the Court rejects each of Plaintiff's arguments in support of her Motion for Reconsideration. Therefore, the Court will deny Plaintiff's Motion for Reconsideration. [Docket No. 48.] An accompanying Order shall issue.

| | |
|---|---|
| July 21, 2021 | s/Renée Marie Bumb |
| Date | RENÉE MARIE BUMB |
| | United States District Judge |