IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHANN SMITH,<br><br>                Plaintiff,<br><br>     v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>                Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 19-10319 (KMW-AMD)<br><br>**OPINION** |

APPEARANCES:

ANTHONY DIULIO, ESQ.
WHEELER, DIULIO, & BARNABEI
ONE PENN CENTER, SUITE 1270
1617 JFK BOULEVARD
PHILADELPHIA, PA 19103

    *Counsel for Plaintiff Johann Smith*

DAVID F. SWERDLOW, ESQ.
JACK KINCADE HAGERTY, ESQ
WINDELS MARX LANE & MITENDORF, LLP
120 ALBANY STREET PLAZA, 6TH FLOOR
NEW BRUNSWICK, NJ 08901

JOSEPH A. CANCILA, JR., ESQ (admitted *pro hac vice*)
SONDRA A. HEMERYCK, ESQ. (admitted *pro hac vice*)
RODNEY PERRY, ESQ. (admitted *pro hac vice*)
BRIAN J. NEFF, ESQ.
RILEY SAFER HOLMES & CANCILA, LLP
70 W. MADISON STREET, SUITE 2900
CHICAGO, IL 60602

    *Counsel for Defendant State Farm Fire and Casualty Company*

**WILLIAMS, District Judge:**

## I.  INTRODUCTION

Plaintiff Johann Smith ("Plaintiff") brings this action against Defendant State Farm Fire and Casualty Company ("Defendant") because Defendant denied coverage for the damages of a leak from a garbage disposal in Plaintiff's home.

This matter comes before the Court on Defendant's Motion for Summary Judgment and to Exclude Plaintiff's Expert Report, seeking summary judgment as a matter of law on Plaintiff's individual breach of contract claim, (ECF No. 75). Plaintiff opposes this motion, (ECF No. 77). For the reasons that follow, Defendant's Motion for Summary Judgment and to Exclude Plaintiff's Expert Report will be **DENIED**.[1]

## II.  BACKGROUND

### A. Factual Background

On or about October 20, 2018, while using her kitchen sink, Plaintiff discovered a leak from the garbage disposal. (ECF No. 75, Attachment 2, Statement of Material Facts, hereinafter "SMF," at ¶2). After using the sink for an undetermined amount of time, Plaintiff heard an unfamiliar noise upon turning on the garbage disposal and turned off the disposal and the sink. (*Id.* at ¶¶3-5). Plaintiff called a plumber who came by either the same day or the next morning and replaced the garbage disposal. (*Id.* at ¶6). The plumber noted on his invoice that the garbage disposal was leaking and water was dripping into the basement. (*Id.* at ¶8). There was a pot on top of a refrigerator in the basement, below the sink area, where water dripped down and collected. (*Id.* ¶9). On October 22, 2018, Plaintiff reported the claim to State Farm. (Id. at ¶12). On October 24, 2018, State Farm Claim Specialist inspected the home and noted that the garbage disposal had

---

[1] Pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument.

2

leaked, which had been connected to the kitchen sink drain line, and had extensive rust on it. (*Id.* at ¶¶14, 19).

The State Farm Claim Specialist also observed during his inspection that the base of the kitchen cabinet was sagging with signs of rot and deterioration, that there was a dark staining on the subfloor in the basement with signs of rot and deterioration, and nearby metal trays and pans in the basement were covered in rust. (*Id.* at ¶¶15-18). While Plaintiff admits that there was damage in the basement, Plaintiff disagrees with Defendant's description of the damage insofar as she believes that at least some of this damage was preexisting and overlapped with the damage caused by the garbage disposal leak that she discovered on or about October 20, 2018. (ECF No. 77, Plaintiff's Response to Defendant's Statement of Facts, hereinafter "PRSF," at ¶¶15-18). Defendants assert that all of the damage observed by the State Farm Claim Specialist was from a consistent leak from the garbage disposal that occurred over the course of three to six months, if not longer. (SMF at ¶¶23, 28).

On October 24, 2018, State farm issued its denial of claim letter to Plaintiff, (*Id.* at ¶25), and thereafter Plaintiff filed a complaint in State court.

### B. Procedural Posture

On April 18, 2019, Defendant removed Plaintiff's Complaint to this Court. (ECF No. 1). Over the course of several years the parties proceeded through discovery and motion practice and whittled down the issues to the last remaining claim at bar: Plaintiff's individual breach of contract claim against Defendant. On July 22, 2022, Defendant filed a Motion for Summary Judgment and to Exclude Plaintiff's Expert Report, (ECF No. 75). On August 23, 2022, Plaintiff filed her opposition, (ECF No. 77). On August 30, 2022, Defendant replied, (ECF No. 79). Thus, these motions are ripe for resolution.

3

### III.   LEGAL STANDARDS

#### A. Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) ("A fact is material if—taken as true—it would affect the outcome of the case under governing law."). Moreover, "[a] dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Santini*, 795 F.3d at 416 (quoting *Anderson*, 477 U.S. at 248).

The moving party bears the burden of identifying portions of the record that establish the absence of a genuine issue of material fact. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then "shifts to the nonmoving party to go beyond the pleadings and 'come forward with 'specific facts showing that there is a genuine issue for trial.'"" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). To survive a motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Anderson*, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)). When considering a motion for summary judgment, the court views the facts and all reasonable inferences drawn from the

facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

## IV. DISCUSSION

Defendant believes that Plaintiff's expert report is simply net opinion, and without more, does not create a disputed material fact, entitling Defendant to summary judgment as a matter of law. (ECF No. 75 at 23). Therefore, this Court will first address whether Plaintiff's expert report and testimony is admissible under Federal Rule of Evidence 702.

### A. Plaintiff's Expert Report

"Under the Federal Rules of Evidence, it is the role of the trial judge to act as a 'gatekeeper' to ensure that any and all expert testimony or evidence is not only relevant, but also reliable." *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)). To determine if an expert's testimony will be permitted, the court must assess the testimony pursuant to Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Third Circuit has further distilled Rule 702 and the Supreme Court's ruling in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, into three analytical requirements:

> (1) the proffered witness must be an expert,

> (2) the expert must testify about matters requiring scientific, technical or specialized knowledge, and
> (3) the expert's testimony must assist the trier of fact.

*Id.* (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741-42 (3d Cir. 1994)). In other words, the Court must review for "qualification, reliability and fit." *See Christoforetti v. Bally's Park Place, Inc.*, No. 12-4687, 2021 WL 3879074 at *3 (D.N.J. Aug. 30, 2021).

Here, the Parties disagree on the reliability of Plaintiff's expert report. The Third Circuit has interpreted "reliability" to mean "that an expert's testimony is admissible so long as the process or technique the expert used in formulating the opinion is reliable." *Id.* at *4 (quoting *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008)) (internal quotations and citations omitted). The examination as to whether a particular scientific technique or method is reliable is a flexible one. *Paoli*, 35 F.3d at 742. Further, "[t]he evidentiary requirement of reliability is lower than the merits standard of correctness." *Id.* at 744. Admissibility rests on a preponderance of proof. *NN&R, Inc. v. One Beacon Ins. Group*, No. 03-5011, 2006 WL 2845703 at *2 (D.N.J. Sept. 29, 2006). However,

> [t]his standard is not intended to be a high one, nor is it to be applied in a manner that requires the plaintiffs to prove their case twice—they do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their experts are correct, they only have to demonstrate by a preponderance of evidence that their opinions are reliable.

*Id.* (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 145 (3d Cir. 2000)) (internal citations and quotations omitted).

For an expert's testimony to be considered "reliable" the testimony must be based on the "methods and procedures of science" and not "subjective belief or unsupported speculation. *Paoli*, 35 F.3d at 744. This is not to be construed as a quest to determine which opinion has the "best foundation," rather the inquiry should focus on "whether any particular opinion is based on valid

6

reasoning and reliable methodology." *Kannankeril*, 128 F.3d at 806. "Admissibility decisions focus on the expert's methods and reasoning; credibility decisions arise after admissibility has been determined." *Id.* (citing *Paoli*, 35 F.3d at 743-46).

Here, the Court is assessing Plaintiff's expert's testimony which is based on his relevant experience in the field and his visual inspection of the premises. (ECF No. 77 at 10-11). When an expert's testimony is based on practical experience, the Daubert "reliability factors" such as peer review, publication, potential error rate, (among others), are not applicable because "the reliability of testimony from a practical experience expert depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *Christoforetti*, 2021 WL 3879074 at *4 (internal citations and quotations omitted). Therefore, the fact that an expert does not use a scientific or "testable" theory or methodology that can be examined by peer review, does not render an expert's testimony unreliable under Rule 702. *Id.* at *7. The Court must decide if there are "good grounds" for the expert's conclusion, and if so, the testimony should be admitted. *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 158 (3d Cir. 1999).

"Good grounds" does not mean that an expert's opinion has to be perfect: "an expert opinion is not inadmissible because it may contain flaws, nor is it excludable because it provides testimony regarding only one facet or aspect of an action but does not prove the whole case; such vulnerabilities affect the weight of the testimony, not its admissibility." *N.J. Dep't of Envtl. Prot. v. Amerada Hess Corp.*, No. 15-6468, 2019 WL 4052431 at *6 (D.N.J. Aug. 28, 2019) (internal citations and quotations omitted). Even if the Court believes that there are "better grounds" for an alternative conclusion, as long as the expert demonstrates "good grounds" for his or her conclusion, the testimony should be admitted. *Id.* Ultimately, the reliability requirement should

not be used as a tool by the court to exclude all questionably reliable evidence. *See Paoli*, 35 F.3d at 744.

However, the Court may exclude net opinions.[2] "Under New Jersey law, an expert's bare conclusions, unsupported by factual evidence are an inadmissible 'net opinion.'" *W. Am. Ins. Co. v. Jersey Cent. Power & Light Co.*, No. 03-6161, 2008 WL 5244232, at *5 (D.N.J. Dec. 15, 2008) (internal quotation and citation omitted). "An expert's testimony should not be received if it appears the witness is not in possession of such facts as will enable him or her to express a reasonably accurate conclusion as distinguished from a mere guess or conjecture." *Iudici v. Camisa*, No. 12-3466, 2022 WL 3998295 at *2 (D.N.J. Sept. 1, 2022) (internal citation and quotation omitted). Essentially, an expert must demonstrate the "why and wherefore" behind his or her conclusion. *Id.*

Here, Defendant argues that Plaintiff's expert, Jeffrey Hall, has provided merely net opinion, and Plaintiff disagrees. As noted above, the crux of the argument between the parties is whether Mr. Hall's report is sufficiently reliable to be admitted. Mr. Hall believes that the damage he observed at Plaintiff's property was from a "sudden" water loss from the garbage disposal. (ECF No. 75 at Attachment 4). To support his conclusion, he points to the type of water damage he observed on the property: the warping and discoloration of the particle board being typical of "sudden" water loss and that he did not see any indication of "rot, decay, or deterioration," at the time of his inspection in either the base of the cabinet or the subfloor. (*Id.*).

While this assessment is threadbare, the belief that the water loss was a singular event is supported by Mr. Hall's assessment of the water damage that he personally observed. In this

---

[2] While the net opinion rule is not part of the Federal Rules of Evidence, nor is it an explicit factor enumerated by Daubert, courts in this district have analyzed net opinion arguments under *Daubert*'s fit requirement, or on its own as a separate issue. *Iudici v. Camisa*, No. 12-3466, 2022 WL 3998295 at *3 (D.N.J. Sept. 1, 2022). Regardless of the method, "the inquiry remains the same—whether the expert's opinion will assist the trier of fact." *Id.*

8

situation, "the reliability of testimony from a practical experience expert depends heavily on the knowledge and experience of the expert." *Christoforetti*, 2021 WL 3879074 at *4 (internal citations and quotations omitted). The question of whether Mr. Hall is an expert is not debated: he has decades of experience in home improvement and general contracting for construction of residential and commercial projects, was a Claims Adjuster for State Farm Insurance Company, and has been an Adjuster involved in investigating, preparing, and evaluating insurance claims related to property damage for over a decade. (ECF No. 77 at Ex. 4). It is without a doubt that Mr. Hall has sufficient knowledge and experience to draw from, to form his opinion about the water damage in Plaintiff's home, based on his work in relevant fields. And while some circumstances require additional indicia of expertise, this is a circumstance where training and experience can provide an adequate foundation and furnish the minimum reliability for an admissible opinion. *See Oddi*, 234 F.3d at 158.

Furthermore, Mr. Hall personally observed the cabinetry, subfloor, and tiles that he opines about, the condition of which is the factual inquiry at the heart of this case. While Defendants assert that rot and deterioration were present at the time of their expert's inspection, and Mr. Hall asserts that rot and deterioration was not present at the time of his inspection, this factual dispute is not one that should preclude admitting an expert's opinion. Where "some of the facts relied on by the expert are in dispute, it is the role of the jury to resolve such disputes, and then credit or discredit the expert testimony as they see fit," so long as the expert's opinions are based upon a sufficient factual record. *Colon v. Ashford Bucks County, LLC*, No. 11-01464, 2012 U.S. Dist. LEXIS 195367 at *2 (E.D. Pa. Nov. 8, 2012).

Defendant argues that Mr. Hall's opinion should be supported by testing or analysis, but "an expert need not base his opinion on the 'best possible evidence,' or the 'most ideal scientific

9

evidence' in order for it to gain admissibility." *N.J. Dep't of Envtl. Prot.*, 2019 WL 4052431 at *10. While the Court acknowledges that Mr. Hall's opinion does not provide the level of rigor and depth that one would expect in federal court, an expert's testimony can be sufficient for admission even if "it provides testimony regarding only one facet or aspect of an action but does not prove the whole case" and "such vulnerabilities affect the weight of the testimony, not its admissibility." *N.J. Dep't of Envtl. Prot.*, 2019 WL 4052431 at *6. Thus, it is not fatal to admissibility, for example, that Mr. Hall does not connect the water damage he observed in Plaintiff's kitchen cabinet to the rust found in Plaintiff's basement. (ECF No. 79 at 4). The fulsomeness of an assessment is an appropriate subject for cross examination rather than a bar to admissibility. *See Kasilag v. Hartford Inv. Fin. Servs., LLC*, No. 11-1083, 2017 WL 773880 at *15 n.33 (D.N.J. Feb. 28, 2017), *aff'd*, 745 Fed. App'x 452 (3d Cir. 2018).

Defendant believes that Plaintiff's expert report is net opinion, a series of "mere conclusions" that are unsupported by factual evidence, based off conjecture or inappropriate assumptions. *Iudici*, 2022 WL 3998295 at *2. Such a disconnect between factual evidence and a conclusion is often visualized as an "analytical gap" too great to navigate. For example, a medical expert asserted a patient died of head and neck injuries because he was in a car accident; however, this conclusion came without the expert examining the patient's body, the medical examiner who performed the autopsy did not examine the head or neck region, and the expert provided no other rationale to support the conclusion that the patient had died from head and neck injuries. *See Feit v. Great-West Life & Annuity Ins. Co.*, 460 F. Supp. 2d 632 (D.N.J. 2006). The Court recognizes that Plaintiff's expert report here leaves much to be desired, but the "analytical gaps" in this case are not so great that Plaintiff's expert opinion amounts to conjecture untethered to the relevant

factual basis underlying this case. Particularly in light of the simplicity of the facts in the instant case.

Here, Mr. Hall has the requisite experience and personally examined the damage to Plaintiff's cabinetry and subflooring—which are some of the most important elements at issue in this matter—and thus provides just enough of a factual basis to produce a reliable opinion for the purpose of admissibility, which is an intentionally low threshold keeping in line with Rule 702's liberal policy of admissibility. *Kannankeril*, 128 F.3d at 806. It is important to keep in mind that "[i]n Daubert, the Court noted that '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence,' .... Clearly, the Court envisioned cases in which expert testimony meets the Daubert standard yet is 'shaky' and cases in which admissible expert testimony provides only a 'scintilla' of support for a claim or defense." *N.J. Dep't of Envtl. Prot.*, 2019 WL 4052431 at *11 (citing *Heller*, 167 F.3d at 152). This Court finds Plaintiff's expert has provided the scintilla needed to create a genuine issue of material of fact, and the critiques of his opinion offered by Defendant can be addressed through cross examination at trial.

Therefore, the Court finds that this is "a classic battle of the experts over disputed facts, to be settled by the finder of fact[.]" *N.J. Dep't of Envtl. Prot.*, 2019 WL 4052431 at *8 (internal citations and quotations omitted). Because of this, Defendant's motion for summary judgment must be denied.

## V. CONCLUSION

For the reasons set forth above, Defendant's Motion to Exclude Plaintiff's Expert Report and for Summary Judgment (ECF No. 75) will be **DENIED**. An order consistent with this Opinion will be entered.

May 19, 2023

KAREN M. WILLIAMS, U.S.D.J.